UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

| | | |
|---|---|---|
| GEORGE M. BRAMMELL, | ) | |
| | ) | Civil Action No. 0: 09-22-HRW |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| KATHIE A. WHIPPLE, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*\*\* \*\*\*\*\* \*\*\*\*\*

Petitioner George M. Brammell ("Brammell") has filed a petition seeking a writ of mandamus pursuant to 28 U.S.C. § 1361 to compel Respondent Kathie A. Whipple ("Whipple"), the Director of the United States Office of Personnel Management ("OPM") to "order any corrective action necessary as a result of unlawful actions by the Agency during the classification appeal process" pursuant to 5 C.F.R. § 250.103. [R. 2] Brammell has paid the $350 filing fee.

On February 20, 2007, Brammell filed a mandamus action seeking to compel the Director of OPM to render a decision on the merits of his grade classification appeal after OPM cancelled the appeal following Brammell's retirement from the Veteran's Administration. *Brammell v. Springer*, 07-18-HRW, Eastern District of Kentucky. [R. 2 therein] After the issues were fully briefed by the parties [R. 12, 15, 17 therein], the Court entered a thorough decision denying the writ, concluding that Brammell's claims had been mooted by his retirement and that, even if this were not so, established precedent precluded any award of back pay or increased retirement benefits. [R. 20 therein] Brammell appealed that judgment to the Sixth Circuit Court of Appeals, which affirmed the decision on the grounds set forth in the district court's opinion. [R. 23] After the Sixth Circuit

denied Brammell's petition for rehearing, the mandate issued on January 5, 2009. [R. 24, 25 therein] In his present petition, Brammell acknowledges this procedural background, but asserts that this Court and the Sixth Circuit both failed to address the sole issue that he presented for decision: whether he was entitled to compel corrective action under 5 C.F.R. § 250.103. Brammell seeks resolution of his issue in his present petition. [R. 2]

Because Brammell is not a prisoner seeking redress against government officials nor proceeding *in forma pauperis*, 28 U.S.C. §§ 1915A, 1915(e), the Court's initial review of his petition is limited to determining whether its allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). If the claims lack "legal plausibility necessary to invoke federal subject matter jurisdiction," the district court may dismiss the matter on its initiative. *Apple*, 183 F.3d at 480.

Here, Brammell's petition is clearly barred by the doctrine of claim preclusion. The doctrine, sometimes referred to as *res judicata*, bars a party from attempting to relitigate a claim which has already been decided against the party. *Kremer v. Chemical Const. Corp.*, 456 U.S. 461, 467 n.6 (1982). Brammell appears to argue that he is free to bring the present action because, in his view, this Court and the Sixth Circuit never decided the issue he asserted as a basis for relief in that action: his entitlement to relief under 5 C.F.R. § 250.103. Even if the Court were to accept this strained view of the prior litigation, his claim remains barred: claim preclusion does not bar merely issues actually argued and decided, it bars litigation of every issue which was actually litigated or which could have been raised with respect to that claim. *Westwood Chemical Co., Inc., v. Kulick*, 656 F.2d 1224 (6th Cir. 1981). Because the claim asserted by Brammell has been fully and finally litigated, it is "no longer open to discussion," and his petition will be denied with prejudice upon the Court's

own initiative pursuant to *Apple v. Glenn*, 183 F.3d 477, 480 (6th Cir. 1999).

    Accordingly, **IT IS ORDERED** that:

1.       Brammell's petition [R. 1] is **DENIED**.

2.       The Court will enter an appropriate Judgment forthwith.

This March 10, 2009.

Signed By:
Henry R Wilhoit Jr.
United States District Judge